[Crim. No. 19485. Second Dist., Div. Five. July 27, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES WILLIAM JOHNSON, Defendant and Appellant.

## COUNSEL

Michael S. Mink, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Ellen B. Friedman, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Defendant was charged with grand theft from the person. (Pen. Code, § 487, subd.2.) He pleaded not guilty. On July 1, 1970, defend-

ant waived jury trial and his right to confront and cross-examine the witnesses who testified at the preliminary hearing. He agreed to submit the People's case in chief on the transcript of the preliminary hearing with the further stipulation that a second arresting officer be deemed to have testified and corroborated the testimony of the first arresting officer. Both sides reserved the right to present additional evidence and to raise lawful objections. Defense counsel successfuly sought a continuance until August 4, 1970, on the representation that defendant was going to present additional evidence. On August 4, 1970, defendant obtained a one-day continuance. On August 5, 1970, defendant obtained a continuance until August 14 based on the unavailability of an essential witness. On August 14 defendant obtained a continuance until August 17 and the sheriff was ordered to produce a defense witness in his custody. On August 17, 1970, the cause was trailed due to the illness of defense counsel. On August 18, 1970, defendant personally obtained a continuance until September 17, 1970, for the purpose of retaining new counsel. On September 17 the cause was continued for one day at defendant's request. On September 18 new counsel was substituted and the cause continued until September 24, 1970, upon counsel's representation that he intended to interview and subpoena the witness then in county jail. On September 24, 1970, defendant moved to withdraw the submission previously entered on the ground that he had not understood the nature of the proceeding, having been under the impression, conveyed to him by his former attorney, that the submission was merely a formality preparatory to the cause being transferred to a different court. The trial court found that defendant had made a knowing and intelligent waiver of his right to a jury trial and of his right of confrontation and cross-examination. The motion to withdraw the submission was denied. Defense counsel then advised the court that defendant would testify in his own behalf. The court stated that it had read and considered the transcript of the preliminary hearing. The People rested. The court directed the defense to proceed with its case. Defense counsel advised the court that there had been a change of heart and rested. The court found defendant guilty. Probation was denied. Defendant was sentenced to state prison. The court invoked section 1168 of the Penal Code.

On this appeal from the judgment defendant contends that the court abused its discretion in refusing to permit defendant to withdraw the submission on the preliminary transcript;[1] and that the court erred in not advising defendant that the submission on the transcript was tantamount to a plea of guilty. In view of the prosecutor's explicit explanation in open court of defendant's constitutional rights and defendant's personal

---

[1]Defendant now contends that he should have been permitted also to withdraw the jury waiver. The motion below, however, was directed only to the submission on the transcript.

acquiescence in the waiver of those rights,[2] the court did not abuse its discretion in finding that the waiver had been knowingly and intelligently made and in denying the motion to withdraw the submission.

■ With respect to the contention that the court erred in failing to advise defendant that the submission was tantamount to a guilty plea, defendant comes to this court in a most unsympathetic posture. At the time the submission was originally entered it did not constitute a slow plea of guilty. It covered only the People's case in chief. Not only did defendant announce the intention of presenting evidence in his own behalf, he obtained several continuances to facilitate his doing so. It was only at the last minute, when defendant chose to rest without presenting any evidence,

---

[2]"[PROSECUTOR]: Mr. Johnson, the law entitles you to have a jury trial by 12 people sitting in the jury box and listening to the evidence. If you want, however, you can give up your right to a jury trial which means that the Judge sitting alone would listen to the evidence and decide whether you are guilty or innocent. Do you understand that?

"THE DEFENDANT: Yes.

"[PROSECUTOR]: And do you want to have a jury trial or a court trial?

"THE DEFENDANT: Court trial.

"[PROSECUTOR]: And you waive your right to a jury trial?

"THE DEFENDANT: Yes, sir.

"[PROSECUTOR]: Counsel join?

"[DEFENSE COUNSEL]: Join.

"[PROSECUTOR]: The People join.

"THE COURT: Defendant's personal waiver of his right to jury trial joined in by counsel is accepted.

"[PROSECUTOR]: Now, Mr. Johnson, at the preliminary hearing the victim, Mr. Waukeen [sic] Bustamante, testified and Officer John P. Motto testified and their testimony was recorded by the court reporter and written up in the preliminary hearing transcript.

"It has been discussed that the People's case in chief will be submitted to the Court on the preliminary hearing transcript with an additional stipulation that Officer Hagele, H-a-g-e-l-e, who is also an arresting officer, would be deemed to have testified the same way that Officer Motto did at the preliminary hearing.

"Now, this means that the Judge will read the transcript and consider the testimony in that transcript with the same force and effect as if these witnesses were called again and had taken the stand and testified in the same way they did at the preliminary hearing.

"Now, at the preliminary hearing your attorney had an opportunity to cross examine these witnesses. However, by submitting it on the transcript there wouldn't be any additional cross examination. This means that in effect you would be giving up any right to further cross examine the witnesses, further confront them.

"Now, do you understand this procedure?

"THE DEFENDANT: Yes, I do.

"[PROSECUTOR]: And is this agreeable with you to handle the case this way?

"THE DEFENDANT: Yes, I do.

"[PROSECUTOR]: And further the stipulation as to Officer Hagele would be based upon the same testimony that Officer Motto gave. He saw the same thing and would so testify. And this is agreeable with you?

"THE DEFENDANT: Yes."

that the submission became tantamount to a plea of guilty.[3] We do not believe that at that point, in the light of what had transpired before, the trial court was obliged to advise defendant that the submission was now tantamount to a guilty plea and to secure a waiver of his privilege against self-incrimination. *In re Mosley,* 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473], was designed to protect the legitimate right of criminal defendants to be apprised of the nature of proceedings which fundamentally affect their constitutional rights. We do not intend to permit *Mosley's* salutary purpose to be perverted by defendants who would ambush trial courts into highly technical errors in the manner here attempted.

It is entirely clear that defendant understood, when he sought to withdraw the submission, that unless he presented additional evidence the submission would be tantamount to a plea of guilty. Under the circumstances, his decision not to present evidence constituted the necessary waiver of his privilege against self-incrimination. (Cf. *In re Mosley, supra,* 1 Cal.3d 913, 925-926.)

The judgment is affirmed.

---

[3]The victim testified that he was walking along Western Avenue when he felt something bump into him. He looked around and saw defendant. Moments later a police officer approached the victim and handed him his wallet. The arresting officers testified that they were parked in an unmarked police vehicle in a closed service station. They observed defendant step out of a doorway across the street from their location approach the victim, remove the victim's wallet from his left rear pants pocket, and place it in his own right front pocket. They immediately drove across the street, arrested defendant, removed the wallet from defendant's pocket and showed it to the victim.

We cannot agree with the Attorney General that submission solely on the transcript did not amount to a slow plea of guilty.