[Crim. No. 15731. In Bank. Feb. 22, 1972.]

In re MONTIE PAUL SUTHERLAND on Habeas Corpus.

## COUNSEL

Montie Paul Sutherland, in pro. per., and Don W. Goldstein, under appointment by the Supreme Court, for Petitioner.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Edward T. Fogel, Jr., Deputy Attorney General, for Respondent.

## OPINION

**MOSK, J.**—We issued an order to show cause in this case for the purpose of determining whether a plea of guilty entered by petitioner Montie Paul Sutherland to a charge of possessing heroin (Health & Saf. Code, § 11500) was properly received under the standards set forth in *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1309], *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], and *People* v. *Rizer* (1971) 5 Cal.3d 35 [95 Cal.Rptr. 23, 484 P.2d 1367]. We conclude that the plea is invalid because petitioner was not informed of two of the three constitutional rights he surrendered by virtue of his plea and he did not waive any of these rights.

Petitioner was charged with two counts of possession of marijuana (Health & Saf. Code, § 11530), two counts of possession of restricted dangerous drugs (Health & Saf. Code, § 11910), and one count of possession of heroin (Health & Saf. Code, § 11500). Initially he pleaded not guilty to all charges. Thereafter, on June 20, 1969, he withdrew his plea of not guilty to the charge of possession of heroin and entered a plea of guilty thereto.[1] The remaining counts were dismissed on the motion of the prosecution.

---

[1] The five counts were originally charged in two separate cases which were consolidated by the People on the day the guilty plea was entered.

On June 2, 1969, 18 days before petitioner entered his guilty plea, the United States Supreme Court decided *Boykin* v. *Alabama, supra,* 395 U.S. 238, which held the record must affirmatively show that a defendant who pleaded guilty did so voluntarily and intelligently and that he waived the three principal constitutional rights surrendered by such a plea: the right to trial by jury, the privilege against compulsory self-incrimination, and the right to confront one's accusers. Some five months later, this court decided *In re Tahl, supra,* 1 Cal.3d 122, which explicated for the guidance of California trial courts the procedure necessitated by *Boykin.* We held that *Boykin* required the enumeration to an accused of the three constitutional rights surrendered by a guilty plea and a personal waiver by him of those rights. In *People* v. *Rizer, supra,* 5 Cal.3d 35, the requirements of *Boykin* as explained in *Tahl* were held applicable to all guilty pleas entered after June 2, 1969, the date upon which *Boykin* was decided.

Since petitioner was not informed of his right to confront his accusers or of his privilege against self-incrimination and he did not waive either of these rights, nor did he waive the right to trial by jury,[2] his plea on June 20, 1969, did not comply with *Boykin-Tahl.*

Shortly after his conviction petitioner attempted to appeal from the judgment and thereafter filed various motions and petitions asserting that his guilty plea was improper and that he was denied the effective assistance of counsel. All of these efforts proved fruitless. On January 6, 1971, he filed a petition for a writ of habeas corpus with this court, making substantially the same contentions. We issued an order to show cause to the Director of the Department of Corrections, returnable before the Superior Court of Los Angeles County. After a hearing in that court, the writ was denied on May 11, 1971. The court found that petitioner was adequately represented at the time of his plea, that the plea met the standards set forth in *Boykin,* and that since *Tahl* was not retroactive, the principles set forth therein were irrelevant. On May 27, 1971, we held in *Rizer* that *Tahl* merely explicated the requirements of *Boykin* and that all guilty pleas accepted after June 2, 1969, were required to comply with the rules laid down in *Tahl.* Petitioner thus asserts that the trial court erred in its conclusions.

The People contend, on the other hand, that petitioner's plea of guilty is valid. First, they claim, the requirements of *Boykin* and *Tahl* were met

---

[2]Just prior to the acceptance of the guilty plea petitioner had been informed of his right to trial by jury, but he did not personally waive his right to a jury trial. Personal waiver is constitutionally compelled and cannot be implied from conduct. (Cal. Const., art. I, § 7; *In re Tahl, supra,* 1 Cal.3d 122, 131; *People* v. *Holmes* (1960) 54 Cal.2d 442, 443-444 [5 Cal.Rptr. 871, 353 P.2d 583].)

because petitioner understood the nature of the charge to which he pleaded guilty and the consequences of his plea. They rely on the following factors: Petitioner stated at the time of the plea that his attorney had explained his constitutional rights to him, that he was voluntarily pleading guilty because he was in fact guilty, and that he understood the nature of the charges and the sentence to which he could be subjected because of his plea.

In both *Tahl* and *Rizer* we specifically rejected the theory that such a general showing constituted adequate compliance with *Boykin*. We pointed out that no persuasive authority now accepts a record merely indicating the plea was voluntary and intelligent, since the Supreme Court in *Boykin* required a record more demonstrable than mere inference, no matter how plausibly drawn from the evidence. (5 Cal.3d at pp. 40-42; 1 Cal.3d at pp. 130-132.)

Nevertheless argue the People, *Tahl* recognized that there might be situations in which less than a full enumeration of the three specific rights and of a defendant's responses could constitute sufficient compliance with the *Boykin* rule. (1 Cal.3d at p. 133.) Such a special circumstance is presented here, it is asserted, because the record reflects that petitioner's plea of guilty resulted from a plea bargain[3] and whenever a guilty plea is based upon a bargain there is an indication that the defendant was aware of the constitutional rights waived by his plea and he does in essence waive those rights. The People rely in this connection upon *People* v. *Catalano* (1971) 19 Cal.App.3d 83 [96 Cal.Rptr. 349].

We take note that although *Tahl* does indicate that something short of the procedure specified therein may, in a proper context, be sufficient, the

---

[3]The plea in the present case preceded our decision in *People* v. *West* (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409], in which we held that a plea bargain should appear on the face of the record. The record here does not reveal a bargain, but such an arrangement may be inferred from the evidence adduced in the Los Angeles Superior Court during the hearing on the order to show cause when viewed in the light of the dismissal of the remaining charges against petitioner on the motion of the prosecution after defendant pleaded guilty to the charge of possessing heroin. At the hearing the attorney who represented petitioner at the time the plea was entered testified that the prosecution had agreed if petitioner would plead guilty to the charge of possessing heroin the remaining counts against him would be dismissed. Petitioner testified that his attorney had told him the prosecution had represented to the attorney that petitioner would receive probation and county jail time if he pleaded guilty to the heroin charge. The prosecuting attorney had no clear recollection of the matter. He did not admit that he had agreed to dismiss the charges against petitioner in exchange for a guilty plea on the heroin charge, but he did not deny that such a bargain could have been made. He did deny any agreement with petitioner's attorney regarding the sentence his office would recommend. The conflict as to details, resulting from memories dimmed by the passage of time and the volume of court work, demonstrate the wisdom of our conclusion in *West* that plea bargains must be revealed fully on the record.

opinion goes on to make clear that "What is required is evidence that the particular right was known to and waived by the defendant." (1 Cal.3d 122, 133 and fn. 6.)[4] ■ *Tahl* may not plausibly be read as holding that a guilty plea is validly entered where, as here, the record is devoid of an affirmative showing that the three rights enumerated by Boykin were known to and waived by the defendant. The thrust of the opinion is precisely to the contrary.

*People* v. *Catalano, supra,* 19 Cal.App.3d 83, 89 et seq., is in conflict with *Boykin, Tahl,* and *Rizer* insofar as it holds that the defendant's guilty plea complied with the requirements set forth in those cases. In *Catalano,* the defendant pleaded guilty to one count of robbery in exchange for a promise that other charges against him would be dropped and that he would be recommended for the program at the California Rehabilitation Center. The plea was entered on November 3, 1969, a few days before *Tahl* was decided, but after *Boykin.* Although the defendant expressly waived his right to a jury trial in the course of entering his plea, he was not told of and did not expressly waive his right to confront witnesses or his right against self-incrimination. Nevertheless, it was held, the plea was proper because the defendant "was aware that he had these rights and freely and voluntarily waived the same before his guilty plea was accepted by the court." (19 Cal.App.3d at pp. 91-92.)

The Court of Appeal, in conflict with the *Boykin-Tahl-Rizer* rulings, inferred enumeration and waiver of the defendant's rights from the mere circumstance of the entry of the guilty plea after a plea bargain.[5] The court reasoned, in essence, that a defendant's lawyer will "surely" inform him of the constitutional rights he is surrendering by pleading guilty pursuant to a plea bargain, that the defendant "should" know of his right against self-incrimination, and that when a guilty plea results from a bargain the constitutional rights surrendered by the plea are of only "academic importance" because the defendant has only a slight hope of acquittal.

[4]The full text of footnote 6 in the *Tahl* opinion is as follows: "Thus were the court to ask counsel whether he had advised the defendant of his right of confrontation and ask the defendant whether he waived that right, receiving an affirmative reply to both inquiries, this would satisfy the requirement of an express, on-the-record waiver of that right. [Citation.] What is required is evidence that the particular right was known to and waived by the defendant. The explanation need not necessarily be by the court, although the waiver must be by the defendant. We reiterate, however, that wherever there is doubt an explicit and direct canvassing of the right with the defendant by the trial court is to be preferred, and may be necessary."

[5]We pointed out in *Rizer* that the approved practice in the Los Angeles Superior Court even prior to *Tahl* was to require a defendant who entered a guilty plea to expressly acknowledge that by doing so he waived the three constitutional rights surrendered by the plea. (5 Cal.3d 35 at p. 43.)

As we have emphasized, *Tahl* and *Rizer* expressly preclude inference as a substitute for the precise showing required upon a plea of guilty, no matter how plausibly an inference may be drawn that defendant knew of and waived his constitutional rights. The rationale of these decisions is to assure that the record demonstrably discloses the defendant knows of and voluntarily waives the three specified rights surrendered by a guilty plea. There is no assurance that a defendant who pleads guilty after a plea bargain is more aware of the specific rights he renounces by virtue of that plea than one who pleads guilty in the absence of a bargain. While the bargaining defendant derives some benefit from the entry of his plea, his need to be informed of the rights he is surrendering is no less crucial than that of the defendant whose plea has not been reached via a bargain. In this context the process by which the defendant concludes to plead guilty is not the significant element; it is the guilty plea that compels adherence to the mandate of *Boykin*. As we pointed out in *People* v. *West, supra*, 3 Cal. 3d 595, 604, the great majority of criminal cases are disposed of by pleas of guilty, and a substantial number of these pleas are the result of prior bargaining between the prosecutor and the defendant or his attorney. If the *Boykin-Tahl* requirements do not apply because a guilty plea is entered pursuant to a bargain, the rule set forth in those cases would have a drastically circumscribed effect.

In *Santobello* v. *New York* (1971) 404 U.S. 257 [30 L.Ed.2d 427, 92 S.Ct. 495], Chief Justice Burger, writing for the majority, subscribed to the necessity for developing the factual basis of a plea bargain on the record; the failure to do so caused him to comment wryly: "The heavy workload may well explain these episodes, but it does not excuse them." In concurring, Justice Douglas pointed out additionally that "However important plea bargaining may be in the administration of criminal justice, our opinions have established that a guilty plea is a serious and sobering occasion inasmuch as it constitutes a waiver of the fundamental rights to a jury trial, *Duncan* v. *Louisiana,* 391 U.S. 145, to confront one's accusers, *Pointer* v. *Texas,* 380 U.S. 400, to present witnesses in one's defense, *Washington* v. *Texas,* 388 U.S. 14, to remain silent, *Malloy* v. *Hogan,* 378 U.S. 1, and to be convicted of proof beyond all reasonable doubt, *In re Winship,* 397 U.S. 358."

For the foregoing reasons we disapprove of *People* v. *Catalano, supra,* 19 Cal.App.3d 83. In view of the conclusion that petitioner's plea of guilty to the charge of possessing heroin is invalid we need not discuss other contentions raised.

██ At the time defendant pleaded guilty to one count, the prosecutor

moved to dismiss the four remaining counts and his motion was granted. Since by granting relief we are in effect permitting defendant to withdraw his guilty plea, the ends of justice require that the *status quo ante* be restored by reviving the four dismissed counts. We therefore order all five counts restored to the superior court calendar (see *People* v. *Daniels* (1969) 71 Cal.2d 1119, 1143 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R. 3d 677]), to be either tried or disposed of in some other appropriate manner.

Petitioner is remanded to the custody of the Superior Court of Los Angeles County for further proceedings in accordance with the views expressed herein.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., and Sullivan, J., concurred.

**BURKE, J.**—I concur under compulsion of *People* v. *Rizer,* 5 Cal.3d 35 [95 Cal.Rptr. 23, 484 P.2d 1367].