[Crim. No. 16485. In Bank. Jan. 5, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVE LEVEY, Defendant and Appellant.

## COUNSEL

Michael A. Kaiman and Peter L. Knecht for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert R. Granucci, Joyce F. Nedde and Eugene Kaster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MOSK, J.**—Defendant was convicted of violating section 11912 of the Health and Safety Code (sale of a restricted dangerous drug) after stipulating that the case could be decided by the trial court on the basis of the transcript of the preliminary hearing. He contends that the stipulation was tantamount to a plea of guilty (*In re Mosley* (1970) 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473]), that, therefore, he should have been advised of the constitutional rights he waived by the entry of such a plea, and that the judgment must be reversed because he was not advised of his privilege against compulsory self-incrimination and did not waive that right.

In *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], the United States Supreme Court held that the record must affirmatively establish a defendant was aware of and voluntarily waived the constitutional rights he surrendered by entering a plea of guilty, i.e., the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront witnesses. A few months later, we held in *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], that *Boykin* required a specific and express enumeration to the accused and the waiver by him of these three rights, and that mere inference, no matter how plausibly drawn from the evidence, was not sufficient to meet the constitutional mandate. This holding was reiterated in *People* v. *Rizer* (1971) 5 Cal.3d 35 [95 Cal.Rptr. 23, 484 P.2d 1367], and *In re Sutherland* (1972) 6 Cal.3d 666 [100 Cal.Rptr. 129, 493 P.2d 857]. We made it clear in *Mosley* that whenever a stipulation to submit a case on the basis of the transcript of the preliminary hearing in actuality amounts to a plea of guilty, the record must affirmatively reflect the defendant's waiver of all three of the rights surrendered by a guilty plea. (1 Cal.3d 926, fn. 10.)

In applying the foregoing rules to the facts of the present case, we must first determine whether defendant's stipulation to submit the case on the transcript of the preliminary hearing was tantamount to a plea of guilty.

At the preliminary hearing, an agent employed by the Bureau of Narcotic Enforcement testified that in a conversation with defendant at which one Siegal was present defendant agreed to sell the agent 31 tablets containing LSD for $100. The witness testified further that defendant declined to consummate the transaction directly with the agent, but agreed to leave the tablets at a place of his own choosing and to inform Siegal of their location, whereupon Siegal could transmit the information to the agent. Defendant left the pair, and when he returned he had a conversation with Siegal, who thereafter told the agent the tablets had been left in a parking lot across the street. The agent proceeded to that location, found 31 tablets, which were stipulated to contain LSD, and left $100 as he had been instructed to do.

Defendant's attorney cross-examined the witness generally as to the background of Siegal, but no evidence or argument was offered on defendant's behalf. Nor was any argument offered by defendant at the time he stipulated to the submission of the case on the transcript, and defendant stated that he would offer no evidence. ▮ At the time of the submission defendant admitted that he understood the transcript contained only evidence pointing to his guilt and no evidence indicating his innocence, and that the court would in all likelihood find him guilty as charged. Finally, the record reveals that the stipulation was entered into as a result of negotiations between defendant and the prosecution.

Under these circumstances, it cannot be contended seriously that the agreement to submit the matter on the transcript did not amount to a plea of guilty. The People argue, however, that since defendant asserts on appeal that the evidence introduced at the preliminary hearing was insufficient to support his conviction, the stipulation cannot be found to be tantamount to a plea of guilty. There is no merit in this contention. Not only is the testimony at the preliminary hearing clearly sufficient to support defendant's conviction of violating section 11912 of the Health and Safety Code,[1] but neither at the time of the preliminary hearing nor when the stipulation was made was insufficiency of the evidence asserted by defendant. The stipulation was the result of plea negotiation, and it is clear throughout the proceedings in the trial court that it was assumed by both the People and defendant the stipulation would result in a finding of guilt. (Cf. *People* v. *Sanchez* (1972) 24 Cal.App.3d 664, 669-670 [101 Cal. Rptr. 193].)

---

[1] Defendant's claim of insufficiency rests upon the assertion the prosecution did not show that defendant had actual possession of the drugs or that he sold them to the agent, since there was no direct delivery from defendant to the agent. The testimony set out above is sufficient to raise an inference that it was defendant who secreted the drugs in the parking lot.

In resolving this controversy we reach a subject which, although only obliquely referred to by the People, is nevertheless fundamental to the result: whether it is necessary to inform a defendant of his privilege against self-incrimination if the conviction results not from a direct plea of guilty but from a stipulation to submit the case on the transcript under circumstances which are tantamount to a guilty plea. The suggestion has been made that, unlike the situation in which an actual guilty plea is entered, a defendant does not waive his privilege against self-incrimination when he makes such a stipulation since submission on the transcript does not amount to a personal admission of guilt. Therefore, it is asserted, neither advice regarding the privilege against self-incrimination nor an express waiver of the privilege is required if a defendant submits his case on the transcript of the preliminary hearing.

The privilege against self-incrimination is applicable not only to a frank admission of guilt but also to statements which could furnish a link in the chain of evidence needed for conviction. (*Blau* v. *United States* (1950) 340 U.S. 159, 161 [95 L.Ed. 170, 172, 71 S.Ct. 223].) A defendant who by his stipulation permits the prosecution to prove its case without requiring the production of any evidence in court, other than the transcript of a prior hearing, furnishes far more than a mere link in the chain of evidence. It would exalt form over substance if we were to conclude that a defendant who directly admits his guilt is entitled to the full panoply of rights described in *Boykin* and *Tahl* but one who indirectly makes the same admission by uttering a statement which is tantamount to a guilty plea is not entitled to the same rights.

In recognition of these considerations *Mosley* specifically spells out the privilege against self-incrimination as one of the rights which must be enumerated to a defendant who enters into a stipulation which in fact is tantamount to a plea of guilty. (1 Cal.3d 913, 926, fn. 10.) Other cases since *Mosley* have held that the privilege against self-incrimination is one of the rights which must be expressly waived in such a situation. (*People* v. *Dorsey* (1972) 25 Cal.App.3d 366, 369 [101 Cal.Rptr. 826]; *People* v. *Sanchez, supra,* 24 Cal.App.3d 664, 672-673.)

We turn, then, to the circumstances of the present case to determine whether the proceedings complied with the requirements of *Boykin* and *Tahl*. An examination of the record reveals that, while defendant was advised of and waived his right to a trial by jury and to confront witnesses against him,[2] he was not expressly told about and did not expressly waive his privilege against self-incrimination.

---

[2]The transcript indicates the waiver of these rights as follows:
"MR. STEFANO [deputy district attorney]: Mr. Levey, your attorney has indicated

Nevertheless, argue the People, the requirements of *Boykin* and *Tahl* were met in this case. Relying upon language from *Tahl* and *In re Sutherland, supra,* 6 Cal.3d 666, that there must be "'evidence that the particular right was known to and waived by the defendant,'" the People contend that such "evidence" is provided by the showing that defendant agreed to have his innocence or guilt determined on the basis of the transcript of the preliminary hearing and that he understood this document contained only evidence pointing to his guilt and he would in all likelihood be found guilty.[3]

However, *Tahl* as well as *Sutherland* and *People* v. *Rizer, supra,* 5 Cal.3d 35, hold precisely to the contrary. We do not perceive how we can state and restate the rule with greater clarity than we have undertaken in those three successive decisions. ■ The trilogy leaves no doubt that to establish a defendant was advised of and waived his constitutional rights in pleading guilty there must be a specific and express showing on the face of the record that the rights were made known to and waived by him, and that mere inference, no matter how plausibly drawn from the evidence, does not suffice.[4]

The People rely on a decision which implies a waiver of the privilege

---

that in this matter, you wish to give up your right to a jury trial. Do you understand what a jury trial is?

"THE DEFENDANT: Yes.

"MR. STEFANO: A jury is 12 men and women sitting here in the box, hearing and deciding the facts in the case, and the evidence in the case, and determining your innocence or guilt. Do you want to give up that right and have the Judge sitting alone hear and decide your case?

"THE DEFENDANT: Yes, sir. . . .

"MR. STEFANO: [D]o you . . . want to have the Judge read this transcript and determine your innocence or guilt rather than confronting the witnesses?

"THE DEFENDANT: Yes."

[3] The colloquy relied upon by the People is as follows:

"MR. STEFANO: You understand that the transcript of the preliminary hearing only contains evidence which points to your guilt and it does not contain evidence which points to your innocence? Therefore, the Judge, in all likelihood, will find you guilty as charged. Do you understand that?

"THE DEFENDANT: Yes.

"MR. STEFANO: Knowing that, do you still want to have the Judge read this transcript and determine your innocence or guilt . . . . ?

"THE DEFENDANT: Yes."

[4] The People rely upon *People* v. *Sanchez, supra,* 24 Cal.App.3d 664, as indicating that there was a waiver by the defendant of his privilege against self-incrimination. *Sanchez* holds that sufficient advice was given and waiver of the right to self-incrimination occurred when defendant replied in the affirmative to the question, "And you are going to waive your right to take the stand on your own behalf and explain this offense, although nobody can make you do it?" No exchange even remotely similar occurred in the present case.

against self-incrimination merely from a submission on the transcript amounting to a guilty plea. (*People* v. *Johnson* (1971) 18 Cal.App.3d 959, 962-963 [96 Cal.Rptr. 421].) Insofar as that decision is contrary to the views expressed herein, it is disapproved.

█ We conclude that the judgment must be reversed because defendant was not advised of and did not expressly waive his privilege against self-incrimination.

Finally, defendant asserts that he was found guilty not of violating section 11912 of the Health and Safety Code (sale of a restricted dangerous drug) but of violating section 11911 of that code (possession for sale of a restricted dangerous drug). This claim is based largely upon a variance in the information between the number of the code section specified (§ 11912) and the verbal description of the crime (possession for sale of a restricted dangerous drug). Since on remand the information may be amended to resolve this discrepancy, we need not reach this issue.

The judgment is reversed.

Wright, C. J., McComb, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.