BROWN (G. A.), P. J.—I concur.
The docket shows on its face that appellant was expressly informed of each of the constitutional rights required by In re Tahl (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449] and of his constitutional right to counsel. (See In re Johnson (1965) 62 Cal.2d 325, 334 [42 Cal.Rptr. 228, 398 P.2d 420].) The docket then carries the notation “Defendant states he understands rights and has no questions and appears to understand the rights.” On the reverse side of the docket, over the judge’s signature appears the entry “Defendant freely and intelligently waived all constitutional rights and entered a plea of guilty to charge.” As the opinion points out, the Supreme Court has repeatedly instructed that the waiver of In re Tahl rights must be express and explicit. (See In re Sutherland (1972) 6 Cal.3d 666, 671 [100 Cal.Rptr. 129, 493 P.2d 857]; People v. Rizer (1971) 5 Cal.3d 35, 38 [95 Cal.Rptr. 871, 353 P.2d 583].) The docket herein simply does not contain a notation of the required “express” waiver. If the docket had the word “expressly” before the word “waived” in the above notation, it would, in my opinion, have met the requirements of the Supreme Court’s current decisions. Those decisions appear to require no more. Accordingly, I concur on this ground alone.
*614 It follows that I do not concur in the principal opinion insofar as it may indicate that more is mandated by the Supreme Court decisions or equates that which may be desirable with what is legally required.