[No. B014687. Second Dist., Div. Three. Oct. 2, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
LIONEL CHANDLER, Defendant and Appellant.

COUNSEL

Andrew E. Rubin, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Donald E. de Nicola and Robert F. Katz, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ARABIAN, J.—

### INTRODUCTION

Lionel Chandler appeals from the judgment entered following his conviction by a jury of burglary (Pen. Code, § 459) and the finding, after a court trial, that he suffered a prior conviction of burglary (Pen. Code, § 459) within the meaning of Penal Code section 667.5, subdivision (b), and a prior conviction of attempted robbery (Pen. Code, §§ 664/211) within the meaning of Penal Code section 667, subdivision (a). We affirm the judgment.

### FACTS

#### *The People's Case*

Appellant properly does not challenge the sufficiency of the evidence which reveals that on January 5, 1985, Madree Handley observed appellant

trying to enter the Los Angeles home of her neighbor, Roy Wright. Madree alerted her daughter, Terrie Handley, who saw tennis shoes going through the back door window of Wright's house. Terrie called another neighbor, Harold Lone, who responded with an unloaded shotgun. As Lone approached the back door of Wright's house he saw clothes fly out the window and land on the porch. Lone ordered appellant to stick his head out of the window and then dragged him out of the house. Appellant tried to run but was caught by Lone who struggled with appellant until police officers arrived.

### The Defense Case

Appellant testified that Lone threatened to kill him because of a fight appellant had with Lone's daughter. Appellant claimed that on the date in question, Lone attacked him with a shotgun from behind a tree. Apparently, as a trial tactic, appellant testified on direct that he went to prison for attempted robbery and for stealing liquor from a store and that in those cases he pleaded guilty because he was guilty. On cross-examination, appellant admitted that his theft of liquor resulted in a burglary conviction.

### The Priors

Before accepting appellant's jury waiver on the issue of the prior convictions, the court stated, "It will actually only be the jury waiver, because he will still have the right to hear the evidence against him, to call witnesses, anything he wants." After reviewing certified copies of Department of Corrections records, which included photographs and fingerprints, the court found the allegations of prior convictions to be true.

### CONTENTIONS

"I. The evidence regarding the prior convictions was insufficient.

"II. Appellant's prior felony convictions should be stricken because the trial court took insufficient waivers.

"III. The attempted robbery enhancement is unconstitutional because the statute pr[e]scribes the same penalty for offenses dissimilar in their severity.

"IV. Appellant's underlying conviction should be reversed because appellant received ineffective assistance of counsel in that trial counsel made no motion to exclude the priors for purposes of impeachment."[1]

---

[1]Appellant filed a petition for writ of habeas corpus (*In re Lionel Chandler;* case No. B018713) in which he also asserts a claim of ineffective assistance of counsel. This court ordered that the habeas matter be considered concurrently with the instant appeal; therefore, a separate order has been filed in that matter.

## DISCUSSION

### I.

█ Appellant contends the People were required to show that appellant's guilty pleas, which formed the basis of the prior convictions, were attended by knowing, express and voluntary waivers of his constitutional rights. That contention is meritless.

Although a defendant may collaterally attack the constitutional validity of a prior conviction, admissibility of evidence tending to show appellant suffered a prior conviction is not contingent on a foundational showing, by the People, that the prior conviction is constitutionally valid. (*People* v. *Sumstine* (1984) 36 Cal.3d 909, 914 [206 Cal.Rptr. 707, 687 P.2d 904]; *People* v. *Coffey* (1967) 67 Cal.2d 204, 217 [60 Cal.Rptr. 457, 430 P.2d 15].)

### II.

█ Appellant's contention that the trial court took insufficient waivers of his constitutional rights before adjudicating the truth of his alleged prior convictions is similarly meritless.

In contrast to *People* v. *Levey* (1973) 8 Cal.3d 648, 651-652 [105 Cal.Rptr. 516, 504 P.2d 452], appellant did not enter into a stipulation that was tantamount to a plea of guilty. Appellant merely waived the right to jury trial and thereafter the People presented documentary evidence regarding appellant's prior convictions. Appellant was free to attack the validity of the documentary evidence, to subpoena and call witnesses in his defense or to take the witness stand in his own behalf. (Cf. *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]; *In re Mosley* (1970) 1 Cal.3d 913, 927 [83 Cal.Rptr. 809, 464 P.2d 473].)

### III.

█ Appellant contends the enhancement of his sentence because of his prior attempted robbery conviction is unconstitutional since the statute imposes the same penalty for offenses dissimilar in their severity. This contention also lacks merit.

"'There is no requirement that the Legislature [or electorate] penalize all culpable conduct or precisely structure penal sanctions so that all degrees of culpability are omnisciently placed in their proper place in some continuum of penalties.'" (*People* v. *Jacobs* (1984) 157 Cal.App.3d 797, 804

[204 Cal.Rptr. 234], quoting *In re Sims* (1981) 117 Cal.App.3d 309, at p. 314, fn. 1 [172 Cal.Rptr. 608].)

## IV.

■  Finally, appellant's contention that he received ineffective assistance of counsel, in that trial counsel made no motion to exclude his prior convictions for purposes of impeachment, also lacks merit.

Even assuming that reasonably competent trial counsel would have moved to prevent impeachment with the prior convictions, it is clear that appellant has suffered no prejudice since, in light of the overwhelming evidence of appellant's guilt, a more favorable outcome would not have been obtained in the absence of counsel's omission. (*People* v. *Fosselman* (1983) 33 Cal.3d 572, 584 [189 Cal.Rptr. 855, 659 P.2d 1144]; *People* v. *Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1]; *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

### DISPOSITION

The judgment is affirmed.

Klein, P. J., and Danielson, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 14, 1987.