[No. C012521. Third Dist. June 8, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
BOOKER THOMAS KNIGHT, Defendant and Appellant.

COUNSEL

Christopher W. Clay, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Shirley A. Nelson and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SIMS, Acting P. J.**—As pertinent, defendant Booker Thomas Knight was charged by information with violation of Health and Safety Code section 11350, subdivision (a) (possession of a controlled substance).

Defendant agreed to submit his guilt or innocence to the court on the basis of the transcript of the preliminary hearing. The trial court found defendant guilty as charged.

 On appeal, defendant first contends the trial court did not adequately advise him of his right against self-incrimination.

 Where submission upon the preliminary hearing transcript is tantamount to a plea of guilty, a defendant must be advised he is giving up his right against self-incrimination. (*People* v. *Levey* (1973) 8 Cal.3d 648, 652 [105 Cal.Rptr. 516, 504 P.2d 452]; see *People* v. *Wright* (1987) 43 Cal.3d 487, 493 [233 Cal.Rptr. 69, 729 P.2d 260]; *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086].) Here, the trial court found the submission was tantamount to a plea of guilty and the People properly concede the submission was a "slow plea."

Defendant was not expressly advised he would be waiving his right against self-incrimination by submitting the case upon the transcript.

In 1973 in *People* v. *Levey, supra,* 8 Cal.3d at page 654, the failure to obtain an express waiver of a defendant's right against self-incrimination was held to be reversible per se. Recently, however, in *People* v. *Howard* (1992) 1 Cal.4th 1132 [5 Cal.Rptr.2d 268, 824 P.2d 1315], our Supreme Court has held that the failure to advise and obtain an express waiver of the right against self-incrimination, in connection with the admission of a prior conviction, is not reversible per se. Rather, the failure "should be reviewed

under the test used to determine the validity of guilty pleas under the federal Constitution. ██ Under that test, a plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances." (*Id.* at p. 1175.)

Although *Howard* involved the admission of a prior conviction, we can think of no reason why its rule, applicable to guilty pleas, should not apply to a submission upon a transcript that is tantamount to a guilty plea.

██ Judged by the test of *Howard*, we conclude the submission in the instant case was voluntary and intelligent. The trial court advised defendant that he would be giving up his right to a trial where he could see, hear and ask questions of witnesses. He was advised that it would be hard for the court to find him not guilty. He was also advised, "You understood that you could go on this point," a remark that we construe as meaning defendant could go to trial if he wished. Defendant's counsel acknowledged he had advised defendant of his rights. Viewed cumulatively, these advisements indicate defendant knew he would be incriminating himself by submitting the case on the transcript of the preliminary hearing. His choice to do so, with the advice of counsel, was voluntary and intelligent. (*Howard, supra,* 1 Cal.4th at p. 1180.)

██ Defendant next contends the trial court erred by not advising him of the *minimum* term of imprisonment. The trial court advised defendant of the *maximum* term of imprisonment (four years in state prison) but failed to advise defendant of any minimum term.

It has been held that, upon submission upon a transcript of a preliminary hearing, a defendant must be advised of the potential maximum *and minimum* term of imprisonment. (*People* v. *Dakin* (1988) 200 Cal.App.3d 1026, 1033 [248 Cal.Rptr. 206].) However, "The rule compelling the trial court to admonish a defendant of the consequences of an admission is a judicially declared rule of criminal procedure. Because these advisements are not constitutionally compelled, their omission does not require reversal unless the error is prejudicial to the accused. (*People* v. *Wright, supra,* 43 Cal.3d at pp. 494-495.) A trial court's failure to comply with this judicial rule of criminal procedure requires reversal only if it is reasonably probable a result more favorable to the defendant would have been reached if he had been properly advised. (*Id.,* at p. 495; *People* v. *Watson, supra,* 46 Cal.2d at p. 836 [299 P.2d 243]; Cal. Const., art. VI, § 13.)" (*Dakin, supra,* 200 Cal.App.3d at p. 1033.)

Having consented to the transcript submission knowing he faced a possible maximum term of four years in prison, it is improbable that defendant

would have rejected the submission had he been advised that the disposition might be more favorable to him. We conclude defendant was not prejudiced by the trial court's failure to advise him of the minimum term of imprisonment.

The judgment is affirmed.

Scotland, J., and Nicholson, J., concurred.