Filed 3/30/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br>v.<br>JORGE VACA,<br><br>　　　Defendant and<br>Appellant. | A164953<br><br>(Napa County<br>Super. Ct. No. CR179098) |

　　　Defendant Jorge Vaca (Vaca) successfully moved under Penal Code[1] section 1473.7 to vacate his conviction and withdraw his no contest plea. He appeals from the trial court's contemporaneous order denying his motion to dismiss the criminal complaint against him under the same statute. Vaca contends that, after the trial court granted his motion to vacate his conviction under section 1473.7, the statute required dismissal of the underlying criminal complaint filed against him. We disagree and affirm the court's order.

## BACKGROUND

　　　In 2016, Vaca was charged by an amended complaint with violating section 422 and various provisions of the Health &

---

[1] All further references are to the Penal Code unless otherwise stated.

1

Safety Code, including two counts of violating Health & Safety Code section 11379, subdivision (a).  Pursuant to a negotiated agreement, Vaca entered a plea of no contest to the two counts of violating Health & Safety Code section 11379, subdivision (a), and the court dismissed the remaining charges.  The court placed Vaca on formal probation for three years with a 120-day jail sentence.

After completing probation, Vaca moved to vacate his conviction and withdraw his plea under section 1473.7, and the court held an evidentiary hearing.  In closing argument, defense counsel stated that Vaca met his burden under section 1473.7 and alluded to dismissal of the case.  The People opposed, and, with respect to the request for dismissal, claimed lack of notice and asked for time to brief the issue if the court was inclined to entertain the request.  Defense counsel sought to respond, but the court asked him to submit the matter.

The court then stated that it was granting Vaca's motion, and it inquired whether Vaca would retain his counsel.  Defense counsel replied that he would likely assist Vaca "until the motion to dismiss part is concluded," and "invite[d] the Court to dismiss under 1385 and move[d] to dismiss under 1473.7 and 1016.2."  The court responded, "Yes.  You had mentioned that.  The 1016.2 and the 1385, I'm going to go ahead and deny both of those requests under 1385 and 1016.2. [¶] Under [ ] 1473.7[,] I find the defense has met their burden, but I will not dismiss."  The court reinstated the amended complaint.

Vaca timely appealed.[2]

## DISCUSSION

### I. Appealability

As a threshold matter, the Attorney General contends that the court's order denying Vaca's request for dismissal is not appealable. Vaca maintains that the order is appealable under sections 1473.7, subdivision (f), and 1237, subdivision (b). Subdivision (f) of section 1473.7 provides: "An order granting or denying the motion is appealable under subdivision (b) of Section 1237 as an order after judgment affecting the substantial rights of a party." Section 1237, subdivision (b), in turn, provides that a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."

The court's order denying dismissal is appealable under section 1237, subdivision (b). The Attorney General does not dispute that the order affected Vaca's substantial rights. Instead, the Attorney General contends that the order is not appealable because it was not made *after* judgment, given that the court had just granted Vaca's motion to vacate. But the court made the rulings granting the motion to vacate and denying the motion to dismiss under section 1473.7 contemporaneously. Further, section 1473.7 expressly provides for postjudgment relief. (§ 1473.7, subd. (f).) The scope of that relief is disputed in this case, but Vaca's contention is that, under section 1473.7, he was

---

[2] As Vaca does not argue on appeal that he was entitled to dismissal under sections 1016.2 or 1385, we do not address those statutes.

3

simultaneously entitled to have his conviction vacated, his plea withdrawn, and the complaint dismissed.  In these circumstances, it is not appropriate to characterize the order at issue as a prejudgment order, and the order is appealable. (§ 1237, subd. (b).)

## II.   Section 1473.7 Does Not Require Dismissal of the Complaint

Vaca argues that section 1473.7 requires dismissal of the complaint against him.  The Attorney General contends that section 1473.7 does not require dismissal of the criminal matter after a defendant successfully moves to vacate a conviction or sentence.  The key question in this appeal thus is one of statutory interpretation.

" 'In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.]  In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent.' [Citation.]  ' "The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context." ' [Citation.]  'If the statutory language is clear and unambiguous, the plain meaning of the statute governs.' " (*People v. Johnson* (2022) 79 Cal.App.5th 1093, 1108–1109.)  " ' "If, however, the language supports more than one reasonable construction, we may consider 'a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the

4

statutory scheme of which the statute is a part.' [Citation.] Using these extrinsic aids, we 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " ' " (*Id.* at p. 1109.)

We need not look beyond section 1473.7's plain language to determine that the statute does not require the dismissal Vaca seeks. Pertinent here, section 1473.7, subdivision (a)(1) authorizes "[a] person who is no longer in criminal custody" to file a motion to vacate a conviction or sentence on the ground that "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." "The court shall grant the motion to vacate the conviction or sentence" if the moving party establishes a ground for relief by a preponderance of the evidence and shows "that the conviction or sentence being challenged is currently causing or has the potential to cause removal or the denial of an application for an immigration benefit, lawful status, or naturalization." (§ 1473.7, subd. (e)(1).) "When ruling on a motion under paragraph (1) of subdivision (a), the only finding that the court is required to make is whether the conviction is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a

5

conviction or sentence." (§ 1473.7, subd. (e)(4).) Further, the statute instructs, "If the court grants the motion to vacate a conviction or sentence obtained through a plea of guilty or nolo contendere, the court shall allow the moving party to withdraw the plea." (§ 1473.7, subd. (e)(3).)

Vaca's interpretation of section 1473.7 would add to the statute a requirement that the trial court dismiss the charging document after granting the defendant's motion to vacate his or her conviction or sentence and allowing the defendant to withdraw his or her plea. Of course, the Legislature said no such thing. "In construing a statute, we are ' "careful not to add requirements to those already supplied by the Legislature." ' [Citation.] ' " 'Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' " ' " (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 85.) Had the Legislature intended to require dismissal of all charges filed against a defendant, it could have worded the statute accordingly. " 'That it did not implies no such . . . requirement was intended.' " (*Ibid.*)

Despite the language of section 1473.7, Vaca contends that legislative history from Assembly Bill No. 2867, which amended section 1473.7 in 2019 (Stats. 2018, ch. 825, § 2), supports his position. Essentially, he argues that, because the Legislature mentioned case law interpreting Proposition 47[3] in its declaration

---

[3] Proposition 47 reduced certain nonviolent crimes from felonies to misdemeanors. (*Harris, supra*, 1 Cal.5th at p. 988.) It

6

and findings when enacting Assembly Bill No. 2867, *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*)—which held that the People may not withdraw from a plea bargain when a defendant seeks resentencing under Proposition 47—requires that the People here be held to their bargain and the case be dismissed. Putting aside the fact that uncodified legislative declarations and findings cannot trump plain statutory language, we disagree that the legislative history supports Vaca's position.

The legislative declaration upon which Vaca relies is not relevant to the question before us. The declaration states, "It is the intent of the Legislature that courts have the authority to rule on motions filed pursuant to [s]ection 1473.7, provided that the individual is no longer in criminal custody. Consistent with case law interpreting other statutes that authorize postconviction relief, including *Meyer v. Superior Court* (1966) 247 Cal.App.2d 133 (interpreting [s]ection 17, subdivision (b)) and *People v. Tidwell* (2016) 246 Cal.App.4th 212 (interpreting [section 1170.18]), a motion for relief pursuant to [section 1473.7] shall be heard and may be granted, notwithstanding a prior order setting aside an adjudication of guilt or a prior order dismissing or reducing one or more charges under any provision of law." (Stats. 2018, ch. 825, § 1(e).) In *Meyer*, the defendant who

---

also added section 1170.18, permitting a person currently "serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense" to petition for a resentencing as a misdemeanant. (§ 1170.18, subd. (a).)

completed probation moved successfully to withdraw his guilty plea under section 1203.4[4] (which expunges a conviction for limited purposes), and subsequently sought to have the offense for which he was convicted declared a misdemeanor under section 17[5]. (*Meyer*, at pp. 134, 140.) *Meyer* held that the relief defendant obtained under section 1203.4 did not preclude relief under section 17. (*Id.* at pp. 139–140.) *Tidwell* similarly held that a probationer who obtained relief under section 1203.4 could subsequently have his felony convictions reduced to

---

[4] Section 1203.4, subdivision (a) provides, "When a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interest of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if they are not then serving a sentence for an offense, on probation for an offense, or charged with the commission of an offense, be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if they have been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted, except as provided in Section 13555 of the Vehicle Code."

[5] In 1963, section 17 was amended to empower a court which grants probation for an offense punishable by imprisonment in the state prison or by imprisonment in the county jail, without pronouncing judgment and/or without imposing sentence, at that time or at any time thereafter, to declare the offense to be a misdemeanor. (*Meyer, supra*, 247 Cal.App.2d at p. 134.)

8

misdemeanors under Proposition 47. (*People v. Tidwell*, at pp. 219–220.) The declaration at issue thus goes no further than expressing intent that section 1473.7 relief be available regardless of whether the movant previously obtained an order setting aside an adjudication of guilt or reducing or dismissing one of the charges.

Vaca's reliance on *Harris v. Superior Court, supra,* 1 Cal.5th 984 does not persuade us otherwise. In *Harris*, a defendant who had entered a plea bargain sought resentencing under Proposition 47, and the question was whether the People should be permitted to withdraw from the plea bargain on the basis that resentencing would deprive the People of the benefit of their bargain. (*Id.* at pp. 988–989.) *Harris* held the People were not entitled to set aside the plea bargain. (*Id.* at p. 987.) The court recognized the general rule that parties entering into plea agreements do not insulate themselves from changes in the law that the Legislature or the electorate intended to apply to them. (*Id.* at p. 991.) "The [pertinent] question is whether the electorate intended the change to apply to the parties to this plea agreement." (*Ibid.*) Based on Proposition 47's "unambiguous language" stating that it applies to defendants convicted by plea, and its expressed intent to reduce the number of nonviolent offenders in prisons, the court concluded that the electorate intended to modify the terms of plea agreements without affording the People the option to withdraw from the agreement. (*Harris*, at p. 992.)

9

Section 1473.7 clearly applies to plea agreements. (§ 1473.7, subd. (e)(3).)  However, unlike the misdemeanor reduction at issue in *Harris*, the "change" that section 1473.7 provides for is a mechanism to allow an out-of-custody defendant to seek to vacate a conviction or sentence and to withdraw the plea itself.  (§ 1473.7, subds. (a), (e).)  *Harris,* which addressed the question of whether the prosecution was entitled to withdraw from a plea agreement, is therefore inapposite.  (*Harris, supra,* 1 Cal.5th at pp. 992–993.)  Moreover, when a defendant successfully withdraws a plea, the case is generally restored to the position it was in before the parties entered into the plea deal, including the revival of any charges dismissed pursuant to the bargain.  (*In re Sutherland* (1972) 6 Cal.3d 666, 671–672; *People v. Superior Court* (*Garcia*) (1982) 131 Cal.App.3d 256, 258; *People v. Aragon* (1992) 11 Cal.App.4th 749, 760.)  The Legislature is presumed to have known of this rule (*Estate of McDill* (1975) 14 Cal.3d 831, 839), yet section 1473.7 does not require a court to dismiss the matter after the movant successfully vacates a conviction and withdraws his or her plea. Because *Harris* is not on point and Vaca fails to point to anything showing legislative intent to require dismissal of the case after vacatur of a conviction and withdrawal of a plea, we are unpersuaded by Vaca's interpretation of section 1473.7.

Our construction of section 1473.7 is supported by the Legislature's purpose in enacting the statute.  Before section 1473.7 became effective in 2017 (Assem. Bill No. 813 (Stats. 2016, ch. 739, § 1)), *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*)

10

held that defense attorneys have a Sixth Amendment duty to accurately explain to their clients the deportation or removal risks associated with a guilty plea. (*Id.* at pp. 367–368, 373–374.) Thereafter, in-custody defendants could pursue habeas relief for counsel's failure to inform them of the immigration consequences of a plea, but this relief was not available to an out-of-custody defendant. (*People v. Fryhaat* (2019) 35 Cal.App.5th 969, 977, 981 (*Fryhaat*).) And, while there is no custody requirement for a motion to withdraw a guilty or no contest plea under section 1016.5, such a motion may only be brought by a diligent movant on the ground that the court failed to provide an admonition regarding the possible immigration consequence of the plea. (§ 1016.5, subd. (b); *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 204; *People v. Totari* (2003) 111 Cal.App.4th 1202, 1206–1207; *Fryhaat*, at p. 981.) According to its legislative history, section 1473.7 " 'fill[ed] a gap in California criminal procedure' " (*Fryhaat*, at p. 976), and provided an out-of-custody defendant a means to challenge a conviction due to error affecting his or her ability to meaningfully understand the actual or potential immigration consequences of the conviction. (*Id.* at p. 981.)

The relief afforded to a successful habeas petitioner claiming ineffective assistance due to failure to advise of a plea's immigration consequences and to a successful movant under section 1016.5 is an opportunity to withdraw the plea and proceed to trial. (*Padilla, supra,* 559 U.S. at pp. 372–373 ["The nature of relief secured by a successful collateral challenge to a

11

guilty plea—an opportunity to withdraw the plea and proceed to trial—imposes its own significant limiting principle: Those who collaterally attack their guilty pleas lose the benefit of the bargain obtained as a result of the plea"]; cf. *In re Sutherland, supra*, 6 Cal.3d at pp. 671–672 [grant of habeas petition premised on invalid plea permits withdrawal of plea and revival of counts dismissed with plea]; *People v. Murillo* (1995) 39 Cal.App.4th 1298, 1305 [vacatur of conviction and withdrawal of plea under section 1016.5 "returns the defendant to where he or she was before entering the plea . . . ."]; *People v. Aragon, supra*, 11 Cal.App.4th at pp. 756, 760 [order vacating conviction and setting aside guilty plea after defendant served his probation term restores parties to positions occupied before plea bargain].) Given that the Legislature intended section 1473.7 to fill the gap left by the foregoing procedural avenues for relief, interpreting it uniquely to require dismissal after vacatur of a conviction and withdrawal of a plea would be at odds with the legislative intent in enacting the statute.[6]

---

[6] In discussing the "gap" in then-existing law, the Legislature also noted that a person seeking to challenge a conviction based on the "unawareness of the immigration consequences" of his or her plea could not petition for a writ of error coram nobis because the challenge "amounted to a claim of ineffective assistance of counsel, which is not reviewable by way of writ of coram nobis." (Sen. Com. on Pub. Safety, Rep. on Assem. Bill No. 813 (2015-2016 Reg. Sess.) June 22, 2015, at p. 5.) A successful petitioner for a writ of error coram nobis, too, is afforded the remedy of " 'withdrawing his plea of guilty and of reassuming the situation occupied by him before plea of any kind was entered.' " (*People v. Goodrum* (1991) 228 Cal.App.3d 397, 401.)

Finally, Vaca's position is also undermined by the legislative history for Assembly Bill No. 1259 , which recently amended section 1473.7.  (Stats. 2021, ch. 420, § 1.)  A Senate Committee on Public Safety analysis of Assembly Bill No. 1259 includes an explanation of the need for the bill from its author, summarizing the procedure provided by section 1473.7 as follows:  "In 2016, A[ssemby] B[ill No.] 813 [ ] provided recourse . . . by creating a process for a defendant to present evidence of a legal defect in their criminal case [including that they failed to meaningfully understand or knowingly accept the immigration consequences of pleading to a specific crime that could later become grounds for detention or deportation] before the trial court. . . . [¶] If a court grants a motion to vacate based on this defect, the conviction is vacated and the person is eligible to enter a new plea, *or, on the prosecutor's petition, have the charges dropped altogether.*"  (Sen. Com. on Pub. Safety, Analysis of Assem. Bill No. 1259 (2021–2022 Reg. Sess.) June 22, 2021, p. 8, italics added.)  This recognition of the prosecutor's discretion to dismiss undermines Vaca's construction of section 1473.7.  (See *Hutnick v. United States Fidelity & Guaranty Co.* (1988) 47 Cal.3d 456, 465, fn. 7 [it is reasonable to infer those who voted on a proposed measure read and considered materials presented in explanation of it, so legislative committee reports provide some indication of how measure was understood by those who enacted it].)

In sum, section 1473.7 does not require dismissal of the criminal information or complaint against a defendant who

13

successfully moves to vacate his or her conviction or sentence and withdraws his or her plea thereunder.  The trial court correctly denied Vaca's request to dismiss the complaint under section 1473.7.[7]

DISPOSITION

The order is affirmed.

BROWN, ACTING P. J.

WE CONCUR:

STREETER, J.
WHITMAN, J.[*]


*People v. Vaca*  (A164953)

---

[7] In the section of Vaca's opening brief arguing that the remedy afforded by section 1473.7 is dismissal, he makes the brief assertion that additional prosecution and punishment in his case would violate double jeopardy.  This undeveloped argument is forfeited.  (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading"].)

[*] Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14

Trial Court:    Napa County Superior Court

Trial Judge:    Hon. Elia Ortiz

Counsel:    Michael L. Poole, under appointment by the
            Court of Appeal, for Defendant and Appellant.

            Rob Bonta, Attorney General, Lance Winters
            and Charles Ragland, Assistant Attorneys
            General, Melissa Mandel and Seth Friedman,
            Deputy Attorneys General for Plaintiff and
            Respondent.