[Crim. No. 13615. First Dist., Div. Four. Aug. 20, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
OTIS J. HUGHES, Defendant and Appellant.

**COUNSEL**

Raphael Louis Rosingana, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and John W. Runde, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CALDECOTT, P. J.**—Appellant was convicted following a jury trial of first degree burglary. Probation was denied and appellant was sentenced to state prison for the term prescribed by law.

At trial appellant took the stand in his own behalf and maintained that he had entered the premises to ask about a job. He testified that he knocked on the front door and upon receiving no response went through a side gate and entered the building through an unlocked back door. As he walked through the building searching for a person to ask about employment, the police arrived. Appellant "panicked" at the sight of the officers and began to run. He was thereafter apprehended.

I

Appellant argues that his two prior felony convictions for sale of heroin should not have been before the jury by way of impeachment.[1] The thrust of this argument is that narcotics convictions do not reflect on

---

[1] The information alleged two prior convictions of a violation of Health and Safety Code section 11501, and appellant, prior to commencement of trial, admitted the prior convictions.

the credibility of one so convicted and accordingly should be excluded under Evidence Code section 352 and the rule of *People* v. *Beagle,* 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1].

In the instant case, immediately before appellant took the stand in his own behalf, his trial counsel objected in chambers to the state's anticipated introduction of evidence relating to appellant's two prior convictions for sale of heroin, and one prior burglary conviction. After argument by both sides the trial court ruled that evidence of appellant's prior narcotics convictions could be used by the People for impeachment purposes; evidence of appellant's prior burglary conviction was excluded, the trial judge ruling that the probative value of the prior burglary conviction was exceeded by its prejudicial effect.

No reported case has been brought to our attention, and our research has disclosed none, addressing the issue of whether narcotics offenses constitute the type of criminal conduct which reflects on a witness's veracity as that term is used in *People* v. *Beagle, supra.* However, we conclude that the trial judge acted within the limits of his discretion under Evidence Code section 352 in permitting the People to impeach appellant by apprising the jury of his two recent convictions for sale of heroin.

The importance of *Beagle* lies in its disapproval of prior case law which held that trial judges had *no* discretion to exclude evidence of any prior felony conviction when the lawfulness of that conviction was established or uncontested (see e.g., *People* v. *House,* 12 Cal.App.3d 756, 762-763 [90 Cal.Rptr. 831]). *Beagle* held that Evidence Code sections 788 and 352 must be read in conjunction with one another (*id.,* at pp. 452-453); trial judges should exclude evidence of prior felony convictions if the probative value of said convictions is outweighed by their prejudicial effect. In that regard, the Supreme Court enunciated "the more important factors that must be considered by trial courts" in making their decision (*id.,* at p. 453).

One of these factors is whether the prior felony was one which rested on dishonest conduct (thereby relating to a defendant's credibility). Other factors include (1) the nearness or remoteness of the prior conviction; (2) whether the prior conviction is for the same or substan-

tially similar conduct as that for which the defendant is on trial;[2] (3) whether the accused decides, out of fear of impeachment, not to testify.

*Beagle* explicitly states that it does "not purport to establish rigid standards to govern that which in each instance must depend upon the sound exercise of judicial discretion." (*Id.,* at p. 453.) It only lists the more important factors that must be considered by the trial court.

"A reviewing court . . . should always give careful consideration to an exercise of a trial court's discretion in both the ruling and the timeliness of its ruling on the admissibility of the prior convictions." (*People* v. *Beagle, supra,* at p. 454.)

The duty imposed upon the trial court by Evidence Code section 352 is to weigh "probative value" against the "probability . . . of undue prejudice" and to exclude evidence only when "probative value is substantially outweighed by . . . substantial danger of undue prejudice, . . ." The guidelines mentioned in *Beagle* are only specific examples or applications of the general considerations involved in the exercise of the court's discretion pursuant to this section.

The Supreme Court, quoting *Gordon* v. *United States,* 383 F.2d 936, 940-941 [127 App.D.C. 343], stated that "[a] 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not. . . ." (*People* v. *Beagle, supra,* at p. 453.) The rationale of *Beagle* is that no witness including a defendant who elects to testify in his own behalf is entitled to a false aura of veracity. "The general rule is that felony convictions bearing on veracity are admissible." (*People* v. *Beagle, supra,* at p. 453.) In the instant case we cannot say that a person who steals is more likely to lie than a seller of heroin. Certainly, the seller of heroin is as lacking in integrity as is the thief.

These convictions for sales of heroin were rendered in 1972 and 1973, very close to the time of appellant's trial for the instant offense. They are not similar to the crime of which the appellant stood accused. There was no risk that the lower court's ruling would dissuade the appellant from taking the stand in his own behalf and in fact, the appellant did testify.

---

[2]Generally, the prejudicial effect of priors for similar crimes as that for which the defendant stands accused outweighs its probative value and should be excluded (*People* v. *Beagle, supra,* 6 Cal.3d 441).

(*People* v. *Beagle, supra,* at p. 453; *People* v. *Wingo,* 34 Cal.App.3d 974, 980 [110 Cal.Rptr. 448].)[3]

Moreover, even if there were an abuse of discretion, it would not warrant a reversal. The evidence of appellant's guilt was overwhelming; it is not reasonably probable that a more favorable result would have occurred had the priors been excluded (*People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243]). Clearly, there was no miscarriage of justice as a result of the ruling.

## II

■ At the time appellant admitted the prior felony convictions against him, the court did not admonish the jury about the use of this evidence. Appellant contends that this failure was erroneous—even though the jury was instructed at the close of trial that ". . . the fact that a witness has been convicted of a felony, if such be a fact, may be considered by you only for the purpose of determining the credibility of that witness."

Evidence Code section 355 provides that "When evidence is admissible as to one party or for one purpose and is inadmissible as to another party or for another purpose, the court *upon request* shall restrict the evidence to its proper scope and instruct the jury accordingly." (Italics added.) No such request was made by defense counsel in the instant case.

There is authority that requires a trial judge to give such a limiting instruction *sua sponte* (*People* v. *Williams,* 11 Cal.App.3d 970, 978 [90 Cal.Rptr. 292]; *People* v. *Demes,* 220 Cal.App.2d 423, 439 [33 Cal.Rptr. 896]). However, no case holds that such an instruction must be given immediately after a defendant admits prior convictions. In the instant case, at the close of trial, the jury was adequately apprised of the limited purpose for which the evidence of the prior felony convictions could be considered.

## III

■ Appellant's last argument is without merit. He argues that because the sentence imposed by the trial court was greater than that

[3]Appellant's counsel stated to the lower court that "my client has indicated he would take the stand regardless [of the court's ruling on the admissibility of the priors]."

allegedly contained in the pretrial plea bargain proposed by the prosecutor and rejected by appellant and no additional facts were adduced at trial to support this harsher sentence, that his "right to a trial by jury" was violated.

Appellant has cited no authority which suggests that a pretrial plea bargain sentence offer, proposed by the prosecution and never accepted by the trial court, should be binding on the court in post-trial sentencing proceedings. The trial judge, not the prosecutor, imposes judgment on a criminal defendant convicted of a crime (Pen. Code, § 1202).

Two final contentions are made in appellant's opening brief. Neither has merit. ■ The first is that appellant was deprived of a fair trial because no Blacks allegedly sat on the jury which convicted him. There is no evidence that Blacks were systematically or purposefully excluded from the jury (see e.g., *Whitus* v. *Georgia,* 385 U.S. 545, 548-552 [17 L.Ed.2d 599, 602-605, 87 S.Ct. 643]; *Hernandez* v. *Texas,* 347 U.S. 475, 476-478 [98 L.Ed. 866, 869-870, 74 S.Ct. 667]; *In re Wells,* 20 Cal.App.3d 640, 649 [98 Cal.Rptr. 1]). Appellant's other argument, that the facts do not support a conviction for burglary is also groundless. Substantial evidence supports the jury's verdict.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 16, 1975.