Filed 12/8/14  P. v. Bocanegra CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039766 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. Nos. SS120728B, SS130298A) |
| v. | |
| ABRAHAM BOCANEGRA, | |
| Defendant and Appellant. | |

Defendant Abraham Bocanegra pleaded guilty to a count of street terrorism (Pen. Code, § 186.22, subd. (a)), admitted a probation violation, and was sentenced to an aggregate term of six years in prison.[1]  On appeal, he argues he is entitled to additional presentence credit, because the initial sentencing court failed to designate whether his misdemeanor conviction for a gang crime (§ 186.22) was to be served consecutively or concurrently to his other felony convictions.  Therefore, defendant insists that under section 669, his sentence for the misdemeanor conviction must be deemed concurrent, and he is entitled to additional presentence credit for his concurrent terms.  We agree and modify the judgment to award him 296 more days of presentence credit.  As modified, we affirm the judgment.

---

[1] Further unspecified statutory references are to the Penal Code.

## PROCEDURAL BACKGROUND[2]

*Case No. SS120728B*

On April 23, 2012, a felony complaint was filed charging defendant with residential burglary (§ 459; count 1) with a gang enhancement (§ 186.22, subd. (b)(1)), willful evasion of a police officer in a vehicle (Veh. Code, § 2800.2, subd. (a); count 2) with a gang enhancement (§ 186.22, subd. (b)(1)), resisting, delaying or obstructing a police officer (§ 148, subd. (a)(1); count 3) with a gang enhancement (§ 186.22, subd. (d)), and street terrorism (*id*., subd. (a); count 4).

On May 31, 2012, defendant pleaded no contest to count 1 (residential burglary, § 459), count 2 (willful evasion of a police officer in a vehicle, Veh. Code, § 2800.2, subd. (a)), and count 4 (street terrorism, § 186.22, subd. (a)). Count 4 (hereafter referred to as the "misdemeanor gang crime") was reduced to a misdemeanor on motion by the People. Pursuant to a negotiated agreement, defendant was to receive a term in prison of four years eight months, with execution of the sentence suspended. He also acknowledged he would serve one year in county jail, which would include the six-month mandatory minimum sentence for the misdemeanor gang crime (§ 186.22, subds. (a), (c)). During the hearing, the People stated that "[t]he agreement was [defendant] was going to serve 365 days in jail as well." Defendant was to be placed on formal probation, and the remaining counts were to be dismissed at his sentencing.

On August 7, 2012, defendant was sentenced to an aggregate term of four years eight months in prison with execution of the sentence suspended. This aggregate prison term was comprised of four years for the conviction for residential burglary (count 1) consecutive to eight months for the conviction for willful evasion of a police officer

---

[2] The factual circumstances of defendant's underlying offenses are not relevant to the arguments he raises on appeal. We therefore dispense with a recitation of the facts and provide only a summary of the relevant procedural history of the case.

2

(count 2).  Defendant was placed on formal probation subject to various terms and conditions, including that he serve 365 days in county jail for the misdemeanor gang crime (count 4), with credit of 221 days based on 111 actual days and 110 days conduct credit.  When imposing the probation condition that defendant was to serve one year in county jail for the misdemeanor gang crime, the court deleted the reference that the sentence was to be served consecutively to his convictions for counts 1 and 2.  The court indicated it was doing so because defendant's prison sentences were suspended.  The court made no affirmative declaration about whether the sentence for his misdemeanor gang crime was to be served consecutively or concurrently to his aggregate suspended sentence of four years eight months in prison for counts 1 and 2.

*Case No. SS130298A*

On February 13, 2013, a felony complaint was filed charging defendant with assault with a firearm (§ 245, subd. (a)(2)), use of a firearm in commission of a felony (§ 12022.5, subd. (a)) and gang enhancements (§ 186.22, subd. (b)(1)).  It was also alleged defendant had suffered a prior strike conviction (§ 1170.12) based on his conviction of burglary (§ 459) in case No. SS120728B.

On April 17, 2013, defendant pleaded guilty to an added count 2, a felony gang crime in violation of section 186.22, subdivision (a), pursuant to a plea bargain. Defendant was to receive a 16-month sentence to be served consecutively to his suspended sentence in case No. SS120728B.

He was found in violation of his probation in case No. SS120728B based on his plea.

*Combined Sentencing*

Defendant was sentenced for both cases on May 29, 2013.  The trial court imposed an aggregate term of six years in prison, which included the suspended sentence of four years eight months in case No. SS120728B.  Defendant was awarded 217 days of

3

presence credit, based on 109 actual days and 108 days conduct credit. All of the credits awarded were for the time defendant spent in custody after his arrest in 2013 on the new charges in case No. SS130298A. Defendant was awarded presentence credit of 296 days for his misdemeanor gang crime conviction in case No. SS120728B, which was comprised of 148 actual days custody credit and 148 days conduct credit for the time defendant spent incarcerated in 2012. Probation was terminated as to that count. All other remaining charges were dismissed. Defendant appealed.[3]

## DISCUSSION

Defendant argues the initial sentencing court did not impose a consecutive sentence for his misdemeanor gang crime conviction in case No. SS120728B.[4] Therefore, he claims his sentence for the misdemeanor gang crime should have run

---

[3] Section 1237.1 provides that "[n]o appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court." Courts have interpreted section 1237.1 to mean a claimed error that results from a "mere alleged mathematical or clerical error." (*People v. Delgado* (2012) 210 Cal.App.4th 761, 765.) Furthermore, a court's failure to award presentence credit due to a legal error is a jurisdictional defect that renders the sentence unauthorized (*People v. Taylor* (2004) 119 Cal.App.4th 628, 657) and "subject to judicial correction whenever [it comes] to the attention of the trial court or a reviewing court." (*People v. Serrato* (1973) 9 Cal.3d 753, 763, disapproved of on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583.) Here, defendant argued during the sentencing hearing that he was entitled to additional presentence credit under section 654 and the Supreme Court's decision in *People v. Mesa* (2012) 54 Cal.4th 191. Additionally, defendant's alternative argument on appeal--that he is entitled to presentence credit because the original sentencing court failed to determine whether the sentence for the misdemeanor gang crime was to run consecutively or concurrently--is a theory based on legal error, not a mathematical miscalculation by the trial court.

[4] Initially, defendant alternatively argued he was entitled to additional presentence credit because section 654 precludes separate sentences for his burglary and misdemeanor gang crime convictions in case No. SS120728B. Defendant withdrew this argument in his reply brief, so we decline to address the merits of this claim.

4

concurrently to his sentences for residential burglary and reckless evasion pursuant to section 669. Accordingly, he insists he is entitled to credit for his concurrent terms and should be awarded an additional 296 days of presentence credit.

Section 2900.5, subdivision (a) provides in pertinent part: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, credited to the period of confinement pursuant to Section 4019." "It is a basic rule that where an accused person is held in custody on a number of charges and upon conviction he is ordered to serve concurrent sentences, the time to be credited pursuant to section 2900.5 must be credited to each of them." (*People v. Schuler* (1977) 76 Cal.App.3d 324, 330.) Therefore, if defendant was given a concurrent sentence for his misdemeanor gang crime in case No. SS120728B, he should have been awarded the same amount of presentence credit for his felony convictions in that case.

Under section 669, if a defendant is convicted of multiple crimes but the trial court does not indicate whether the multiple sentences are to be served concurrently or consecutively with respect to each other, the sentences will be deemed concurrent by default. (§ 669, subd. (a); *People v. Downey* (2000) 82 Cal.App.4th 899, 912-913 (*Downey*).)

Defendant argues *Downey* is instructive. In *Downey*, the defendant pleaded no contest to several misdemeanor drug-related offenses and was placed on probation in 1996. (*Downey*, *supra*, 82 Cal.App.4th at p. 904.) In 1999, probation was revoked after defendant admitted a violation. (*Id.* at p. 905.) Relying on section 669, defendant argued the trial court never indicated whether his sentences on the misdemeanor counts from

5

1996 were to be served concurrently or consecutively to each other, so they must be deemed concurrent. (*Downey*, *supra*, at p. 912.) The appellate court agreed that the trial court failed to designate whether the misdemeanor counts would be served consecutively or concurrently and concluded that absent such a designation the counts would run concurrently. (*Id.* at p. 915.) Defendant was thereafter awarded additional days of presentence credit. (*Ibid.*)

We agree that *Downey* is analogous to the situation presented here. When the trial court imposed but suspended sentence in 2012 in case No. SS120728B, it never expressly indicated whether the sentence for the misdemeanor gang crime would be concurrent or consecutive to his felony convictions in that case.

As we previously discussed, the probation department recommended a probation condition that defendant serve 365 days in county jail for his misdemeanor gang crime conviction in case No. SS120728B, to be served consecutively to his sentences for counts 1 and 2. Furthermore, when defendant entered his plea, the district attorney stated that the "agreement was [that defendant] was going to serve 365 days in county jail as well."

However, during the subsequent sentencing hearing, the trial court adopted the recommended county jail condition but deleted the reference that the sentence be served consecutive to counts 1 and 2, because execution of sentence was suspended. Additionally, in its oral pronouncement of judgment, the court did not affirmatively state it intended to impose a concurrent or consecutive sentence for the misdemeanor gang crime. The minute order from this hearing does not possess any indicia that the trial court intended to impose a concurrent or consecutive term for the misdemeanor.

In 2013, defendant pleaded guilty in case No. SS130298A and admitted a probation violation. Subsequently, the trial court revoked defendant's probation and sentenced him for both cases. The court executed the previously suspended sentence in case No. SS120278B and sentenced defendant to 16 months in prison for case No.

6

SS130298A. From the record, it is clear that the sentences for defendant's felony convictions for residential burglary (§ 459) and evading a police officer (Veh. Code, § 2800.2, subd. (a)) from case No. SS120728B and his sentence for street terrorism (§ 186.22, subd. (a)) in case No. SS130298A were ordered to be served consecutively. However, the trial court's imposition of consecutive sentences in case Nos. SS130298A and SS120728B sheds no light on the initial court's sentencing decision for the misdemeanor gang crime in case No. SS120728B.

Nonetheless, the People contend it is clear that the trial court in case No. SS120728B intended defendant's misdemeanor gang crime sentence to run consecutively to his other sentences in that case. In part, the People point to the sentencing hearing in August 2012, when the trial court imposed the probation condition that he serve one year in county jail for his misdemeanor gang crime conviction. During the hearing, the court applied defendant's presentence credits only to the misdemeanor gang crime conviction. The People opine this is indicative of the court's intent to treat the count as consecutive to the felony counts. We disagree that this allocation of presentence credits clearly conveys the court's decision to sentence defendant concurrently or consecutively for the misdemeanor.[5] In fact, during the oral pronouncement of judgment the court never expressly stated whether it intended defendant's sentence for the misdemeanor gang

---

[5] However, we do agree with the People's assessment that the trial court's statement during the sentencing hearing that it was deleting the probation report's reference that the jail term was to be served consecutively to the sentences on counts 1 and 2 is not indicative of the court's desire to impose concurrent or consecutive sentences for the misdemeanor gang crime. The court indicated that it was deleting the reference to consecutive sentences because the sentences for counts 1 and 2 were not executed. However, this was not an affirmative pronouncement of its intent to impose a concurrent sentence. Nor was it an affirmative declaration of the court's intent to impose a consecutive sentence. Furthermore, "[i]mposition of time in custody as a condition of probation is an act wholly independent of a later sentencing choice." (*Downey*, *supra*, 82 Cal.App.4th at p. 913.)

7

crime to run concurrently or consecutively to his felony convictions in case No. SS120728B.

Additionally, we reject the People's argument that an intent to impose a consecutive sentence for defendant's misdemeanor gang crime conviction is clearly based on the court's later imposition of consecutive sentences for his felony convictions from both cases during the combined sentencing hearing. The initial sentencing court in 2012 did not plainly state it was going to impose a consecutive sentence for the misdemeanor gang crime. The later sentencing court's imposition of consecutive sentences for the conviction in case No. SS130298A and the suspended sentence in case No. SS120728B pursuant to section 669 was wholly within its discretion. However, it could not change the previously imposed but suspended sentence in case No. SS120728B. "When the initial sentencing court imposes a state prison sentence but stays execution of the sentence pending completion of probation, on a subsequent violation of probation the court does not have discretion to change the previously indicated sentence." (*People v. Stuckey* (2009) 175 Cal.App.4th 898, 916.)

Therefore, we find merit in defendant's contention that he is entitled to additional presentence credit. The record does not plainly demonstrate the initial sentencing court intended to impose a concurrent or a consecutive term for defendant's misdemeanor gang crime conviction. (§ 669; *People v. Edwards* (1981) 117 Cal.App.3d 436, 452 [concluding that although trial court did not expressly state sentence for one conviction was to run consecutively to other sentences, intent of court to impose consecutive sentences could be inferred from statements to counsel and abstract of judgment designating sentences as consecutive].) At best, the record is ambiguous. Defendant is entitled to an additional 296 days of presentence credit for his concurrent sentence, for a

8

total of 513 days presentence credit.[6]  (*People v. Kunath* (2012) 203 Cal.App.4th 906, 911.)

## DISPOSITION

The judgment is modified to award defendant a total of 513 days presentence credit, comprised of 257 days actual custody credit and 256 days conduct credit.  As modified, the judgment is affirmed.

---

[6] Defendant served 109 days of actual custody in 2012 and 148 days of actual custody in 2013, for a total of 257 days.  Therefore, pursuant to section 4019, subdivision (f), defendant is entitled to 256 days of conduct credit and should be awarded a total of 513 days of presentence credit.

9

_____
                                        Premo, J.

WE CONCUR:

_____
                Rushing, P.J.

_____
                  Elia, J.