Filed 4/8/16  P. v. White CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C077288 |
| Plaintiff and Respondent, | (Super. Ct. No. CR030513) |
| v. | |
| DANIEL WOOD WHITE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Daniel Wood White has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  We requested supplemental briefing from the parties on the propriety of correcting

---

[1] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

the award of custody credits. We find the error in the award of custody credits requires modification of the judgment and shall affirm the judgment as modified.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On October 27, 2012, Warden Nicholas Buckler, a peace officer for the Department of Fish and Wildlife, made contact with defendant for the purpose of inspecting defendant's bow. While in the outbuilding inspecting the bow, Buckler noticed a loaded single-shot, .410-shotgun hanging on the wall. Defendant admitted that he was a convicted felon who is not permitted to possess a firearm, and also admitted that there were other guns in a locked shed on the property.

Defendant was charged in Lassen County Superior Court case No. CR030513 with illegal possession of a firearm by a convicted felon. (Pen. Code, § 29800.)[2] It was further alleged that at the time defendant committed the offense, he was released from custody on bail or his own recognizance. (§ 12022.1.) It was also alleged that defendant had served two prior prison terms within the meaning of section 667.5, subdivision (b). Trial was set for August 19, 2013.

On July 30, 2013, the public defender's office was relieved and retained counsel Jordan Funk was to file a substitution of attorney. On August 27, 2013, defendant informed the court that he would be retaining new counsel. On November 5, 2013, the court appointed new counsel for defendant.

Trial commenced on February 20, 2014. Defendant agreed that the jury be read a stipulation that he had a prior felony conviction. It was also stipulated that he was on bail at the time the present offense was committed. The jury found defendant guilty of illegal

---

[2] Undesignated statutory references are to the Penal Code.

2

possession of a firearm by a felon.  Defendant waived his right to trial and admitted he had served two prior prison terms.

Sentencing took place on July 8, 2014.  Prior to sentencing on the present matter, defendant entered into plea agreements on two other cases that were pending--case Nos. CR030502 and CR030326.  The trial court dismissed one of the prior prison term enhancements and sentenced defendant to an aggregate term of seven years, as follows: in the present case (No. CR030513) to the midterm of two years for being in possession of a firearm, a consecutive one year for the prior prison term, and a consecutive two years for the on-bail enhancement; in case No. CR030326 to a consecutive eight months (one-third the midterm) for vandalism; in case No. CR030502 to a consecutive eight months (one-third the midterm) for possession of a controlled substance and a consecutive eight months (one-third the midterm) for possession of stolen property.

Defendant filed a timely notice of appeal in the present case (No. CR030513).  On March 26, 2015, while this appeal was pending, the trial court considered defendant's petition for reclassification and resentencing in case No. CR030502 and reduced his convictions (possession of a controlled substance & possession of stolen property) to misdemeanors.  (See § 1170.18.)[3]

Our review of the record has revealed an error in the trial court's calculation of custody credits.  The record reflects defendant was arrested in case No. CR030513 on October 27, 2012, and made bail the next day, resulting in two days of actual time served.  Defendant was arrested in case No. CR030502 on July 12, 2012, and made bail the same day, resulting in one day of actual time served.  Defendant was in custody on all three of

---

[3]  Because the resentencing was in connection with a case not pending in this court on appeal, our holding in *People v. Scarbrough* (2015) 240 Cal.App.4th 916 is not implicated.

3

his cases from February 21, 2014, to July 8, 2014, (the day he was sentenced) for a total of 138 days.**4**

Section 2900.5, subdivision (b) provides that "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. *Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed.*" (§ 2900.5, subd. (b), italics added.)

At sentencing, the trial court awarded credits against each sentence on each case. Failing to adhere to the provisions of section 2900.5, subdivision (b), the trial court awarded 140 actual days (& 140 conduct days) in case No. CR030513 and 141 actual days (& 140 conduct days) in case No. CR030502. The clerk then erroneously included on the abstract of judgment an additional 141 actual days (& 140 conduct days) in case No. CR030326, which were not ordered by the court. The correct number of custody credits to which defendant is entitled is a total of 281 days, accrued as follows: 140 days of actual time (2 plus 138) and 140 conduct days in case No. CR030513, one day of actual time in case No. CR030502, and no custody credits in case No. CR030326. (See *People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1413-1415.)

Upon discovering the error in award of custody credits, we requested the parties provide supplemental briefing regarding whether this court has jurisdiction in the instant appeal, which was taken from the judgment in case No. CR030513, to correct the errors in the award of custody credits attributed to case Nos. CR030326 and CR030502. We agree with the Attorney General that we have jurisdiction to correct the error.**5**

---

**4** Defendant was not arrested in case No. CR030326.

**5** While the filing of a motion or request in the trial court is a prerequisite to a defendant raising a clerical or mathematical error in calculation of presentence credit as the sole issue on appeal, that requirement does not divest this court of jurisdiction to address the

4

Section 1260 gives this court certain powers respecting a judgment or order from which an appeal is taken, as follows: "The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, *and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order*, and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." (Italics added.)

Defendant was given one continuous term of confinement in case Nos. CR030513, CR030326, and CR030502, and was entitled to custody credits to be computed against that total term, without providing for dual use of credits for his period of custody attributable to his multiple offenses for which the consecutive sentence was imposed. (§ 2900.5, subd. (b); *People v. Schuler* (1977) 76 Cal.App.3d 324, 330, fn. 10 [where sentences are to be served consecutively, presentence custody credit is credited to the one continuous term].) Therefore, the custody credits to which defendant is entitled in case Nos. CR030502 and CR030326 are *dependent upon* the custody credits he receives in case No. CR030513. Because defendant filed a notice of appeal in case No. CR030513, we may correct the award of custody credits to be applied to the other two dependent cases comprising his continuous term of confinement.

A sentence that fails to award the legally mandated custody credits is unauthorized and may be corrected whenever discovered. (*People v. Acosta*, *supra*, 48 Cal.App.4th at p. 428, fn. 8; *People v. Taylor* (2004) 119 Cal.App.4th 628, 647.) Accordingly, we shall modify the sentence to award defendant with 140 actual days and 140 conduct days in

improper award of custody credits here. (§ 1237.1; *People v. Acosta* (1996) 48 Cal.App.4th 411, 422, 427; *People v. Delgado* (2012) 210 Cal.App.4th 761, 765-766.) This is not a case where defendant appealed and contended there was an issue of presentence credit calculation. We raised the issue. Moreover, the issue is not one of mathematical error but is, at least in part, one involving the substantive interpretation of the custody credit statutes. (See *Delgado*, at p. 767.)

case No. CR030513, and one day of custody credit in case No. CR030502, for a total of 281 days of presentence custody credit.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to award 280 days of custody credit in Lassen County Superior Court case No. CR030513 (comprised of 140 actual days & 140 conduct days), one day of custody credit in Lassen County Superior Court case No. CR030502, and no custody credits in Lassen County Superior Court case No. CR030326. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the modification and forward a certified copy thereof to the Department of Corrections and Rehabilitation.


/s/
Blease, Acting P. J.


We concur:


/s/
Nicholson, J.


/s/
Murray, J.